**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PETER F. GERACI, | ) | |
| | ) | No. 14-cv-6876 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Hon. Manish S. Shah |
| | ) | |
| R. WILLIAM AMIDON and | ) | |
| THOMAS MACEY, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT AMIDON'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant R. William Amidon ("Amidon") submits the following Memorandum of Law in Support of His Motion for Summary Judgment on the claims alleged against him by Plaintiff Peter F. Geraci ("Geraci").

### Defendants Are Entitled to Summary Judgment

As an initial matter, the positions of both Defendants on the most important issues facing this Court are the same. There is no real trade secret at issue in this case. Amidon adopts, as if fully set forth herein, the arguments made and authorities cited in the Motion and Memorandum in Support of the Motion for Summary Judgment of Defendant Thomas Macey. In addition, this Court should enter summary judgment in favor of Amidon on Geraci's claims, because Geraci has twice dismissed his claims against Amidon. Without repeating the arguments made, Amidon states as follows:

Standard of Review

Amidon is entitled to summary judgment in his favor. Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. When a court is faced with a motion for summary judgment, it is required to view the facts "in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to the facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). A genuine dispute as to any material fact, however, exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Argument

I. There Is No Protectable Trade Secret At Issue

Geraci must prove every element of his cause of action in order to prevail at trial. Geraci cannot do so. Accordingly, this Court should grant summary judgment in favor of Amidon.

Under the Illinois Trade Secrets Act, Geraci must prove that he had a trade secret that was misappropriated. A trade secret is information that is (1) "sufficiently secret to derive economic value, actual or potential, from not being generally known to other persons who can obtain economic value from its disclosure or use" and (2) "the subject of efforts that are reasonable under the circumstances to maintain its secrecy or confidentiality." See 765 ILCS 1065/2(d). "Misappropriation" involves the improper acquisition of a trade secret or the disclosure or use of a trade secret without consent. 765 ILCS 1065/2(b). *See Dynamic Fluid Control Ltd. v. International Valve Mfg.*, LLC, 790

2

F.Supp.2d 732, 740-41 (N.D. Ill. 2011). The elements are not met by Geraci in this case before this Court.

"[W]hen a party cannot prove an essential element of a claim at trial, summary judgment against that party is appropriate." *Ball v. Kotter*, 723 F.3d 813 (7th Cir. 2013); *Majors v. General Elec. Co.*, 714 F.3d 527, 532-33 (7th Cir.2013) ("Summary judgment is appropriate if the nonmoving party 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party with bear the burden of proof at trial.'" (*quoting Ellis v. CCA of Tenn. LLC*, 650 F.3d 640, 646 (7th Cir. 2011)).

## II. Amidon Did Not Misappropriate Anything

First and foremost, there is no trade secret at issue. This Court's analysis should end there, and this Court should enter summary judgment in favor of Defendants. If, however, this Court proceeds to analyze the issue of misappropriation, this Court should still rule in favor of Defendants.

As has been explained to this Court on numerous occasions throughout this current iteration of the litigation, the litigation involving these parties has been ongoing for several years. Despite this protracted length of time, Geraci has not established that Amidon misappropriated anything.

Amidon is a well-respected professional in the field of computers and information technology. Both Geraci and Macey hired Amidon. In addition, it is undisputed that Amidon worked for several law firms other than those involved in this litigation doing much the same work he did for Geraci and Macey. Amidon provided litigation support and software services to a number of law firms and other companies, including Skadden,

3

Arps, Slate, Meagher & Flom and Altheimer & Gray. (January 17, 2011 Deposition of R. William Amidon ("Amidon Dep. I") at 19-26.

The evidence establishes that Amidon followed proper industry guidelines when he made backups of the work he did for Geraci. "It's a standard industry practice" to make backups. Amidon Dep., 185. The dangers of not saving or backing-up one's work are well known to everyone who has ever worked on a computer. Changes, edits, revisions – literally hours of work – can be lost. No one can seriously dispute that making backups is reasonable and appropriate.

Further, the evidence establishes that whatever information may have been found on a Legal Helpers server, it was not used to create or develop any software for Legal Helpers. The testimony of Defendants' expert witnesses is clear and uncontradicted. Amidon did not incorporate any GAP materials into LH-1 and did not use any GAP materials to develop LH-1. (Donnay Aff. ¶¶ 9, 52; Weyand Dep. at 197-99). It is not reasonable to argue that the materials were misappropriated when they were not used.

Despite all of the time Geraci has had for and all of the resources he has expended on this litigation, Geraci has not adduced any evidence to demonstrate that Amidon wrongfully placed any GAP materials on any server for Legal Helpers. In fact, Geraci engaged in extensive – and heavily litigated – discovery concerning electronically stored information. Significant attention has been devoted to the issue, but no definitive proof has been found. Geraci hopes to have the trier of fact infer that Amidon misappropriated a trade secret.

The inference Geraci hopes to have the jury make is not reasonable in this context. Too much time and effort has been expended on a quest to find that a trade

4

secret has been misappropriated. A reasonable jury could not find in favor of Geraci. Thus, this Court should award summary judgment in favor of Amidon.

Geraci has some evidence that Amidon made backups. Geraci does *not* have evidence that Amidon misappropriated anything. Accordingly, summary judgment is proper in favor of Amidon.

### III. Geraci Has Twice Dismissed His Claims Against Amidon

As this Court is well aware, the litigation among the parties has a long history. Part of that long history includes voluntary dismissals by Plaintiff Peter F. Geraci ("Geraci").

On October 26, 2011, Geraci filed in Circuit Court for DuPage County a Motion to Voluntarily Dismiss Without Prejudice Pursuant to 735 ILCS 5/2-1009 (the "2011 Motion"). (A copy of the Motion is attached hereto as Exhibit A). In the motion, Geraci moved to dismiss "all remaining counts currently pending against" Amidon. 2011 Motion at 1. The court granted the motion on October 31, 2011. (A copy of the October 31, 2011 Order of the Circuit Court of the Eighteenth Judicial Circuit of Illinois is attached hereto as Exhibit B).

The state court litigation was subject to an appeal. See Complaint, para. 17. Upon resolution of that appeal, Geraci again filed a motion to dismiss. "Geraci had non-suited Amidon before the appeal, and is proceeding to non-suit the rest of the state court action . . . ." Complaint, para. 19. The same court which granted the 2011 Motion entered an order on September 19, 2014 that "Plaintiff's motion is granted and this matter is dismissed." (A copy of the September 19, 2014 Order of the Circuit Court of the Eighteenth Judicial Circuit of Illinois is attached hereto as Exhibit C.)

5

Under both Illinois law and federal law, a second voluntary dismissal by a plaintiff "operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B). *See Hudson v. City of Chicago*, 889 N.E.2d 210 (2007). Both Illinois and federal courts have consistently held that "an adjudication on the merits" is synonymous with "dismissal with prejudice." "Dismissal with prejudice for failure to state a claim is . . . tantamount to an adjudication on the merits." *Chicago Title Land Trust Co. v. Potash Corp.*, 664 F.3d 1075, 1079 (2011) *citing Du Page Forklift Serv., Inc. v. Material Handling Servs.*, Inc., 195 Ill.2d 71, 253 Ill.Dec. 112, 744 N.E.2d 845, 852 (2001); *Nowak v. St. Rita High Sch.*, 197 Ill.2d 381, 258 Ill.Dec. 782, 757 N.E.2d 471, 477 (2001). Thus, the second dismissal of the claims against Amidon – the 2014 dismissal – operated as a dismissal with prejudice, and Geraci should not be permitted to bring those in this Court.

The parties do not need to belabor this point. There can be no dispute as to the law or the facts. Geraci has twice dismissed his claims against Amidon. Geraci made a conscious decision to dismiss the claims each time, and he should be responsible for the consequences of those decisions. The law is clear that a second dismissal is a dismissal with prejudice. Accordingly, this Court should enter judgment against Geraci and in Amidon's favor.

## Conclusion

For the foregoing arguments and authorities, as well as the arguments and authorities set forth in the Memorandum of Law in Support of Defendant Thomas Macey's Motion for Summary Judgment, Defendant R. William Amidon respectfully requests that this Court enter summary judgment in his favor and against Plaintiff Peter F.

6

Geraci and award Defendant Amidon such other relief as this Court deems just and equitable.

Dated: December 7, 2015               Respectfully submitted,

                                      Defendant R. William Amidon

                                      /s/ Kevin J. Narko
                                      Kevin J. Narko
                                      Narko Law Group, LLC
                                      211 W. Wacker
                                      Suite 250
                                      Chicago, Illinois 60606
                                      knarko@narkolaw.com

## **CERTIFICATE OF SERVICE**

      I, Kevin J. Narko, an attorney, hereby certify that on December 7, 2015, I served a true and correct copy of the foregoing Defendant Amidon's Memorandum of Law in Support of His Motion for Summary Judgment upon all counsel of record by electronic transmission via CM/ECF.

                                                /s/ Kevin J. Narko
                                                     Kevin J. Narko