IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PETER F. GERACI, | ) | |
| | ) | No. 14-cv-6876 |
| Plaintiffs, | ) | |
| | ) | Hon. Manish S. Shah |
| R. WILLIAM AMIDON and | ) | |
| THOMAS MACEY, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT THOMAS MACEY'S MOTION TO CLARIFY THE COURT'S
JUDGMENT TO PERMIT MACEY TO RECOVER COSTS**

Defendant Thomas Macey ("Macey") respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 54 and Local Rule 54.1, to tax Peter Francis Geraci ("Geraci") for Macey's costs incurred in this case. In support of his motion, Macey states as follows:

1. This case was lengthy and complex. Geraci accused Macey of conspiring to misappropriate computer source code over the course of nearly two decades. (*e.g.* Dkt. 224 at 28) The case involved an intersection of business, law, and computer programming. Each side called multiple experts. (Dkt. 217) Geraci sought damages of nearly $90 million. On December 14, 2017, the jury rejected Geraci's allegations and entered a verdict in favor of Thomas Macey. (Dkts. 259 and 260)

2. Local Rule 54.1 authorizes a prevailing party to file a bill of costs with the clerk "[w]ithin 30 days of the entry of a judgment *allowing costs*." Local Rule 54.1(a) (emphasis added). The costs of the prevailing party are presumptively recoverable under Federal Rule of Civil Procedure 54(d). *Finchum v. Ford Motor Co.*, 57 F.3d 526, 533 (7th Cir. 1995). Thus, Macey is contemporaneously filing a Bill of Costs with the Clerk's Office, a copy of which is attached hereto as Exhibit 1.

3. However, Macey notes that the Court's judgment order does not expressly authorize Macey to file a bill of costs. (*See* Dkts. 259 and 260) In the absence of language expressly authorizing costs, Macey has some concern that the Clerk may not tax these costs. *See* Local Rule 54.1(a) (Permitting filing of bill of costs "[w]ithin 30 days of the entry of a judgment *allowing costs*;" emphasis added). Accordingly, Macey respectfully files this motion pursuant to Fed. R. Civ. P. 54, and asks the Court to clarify and/or amend its judgment, *nunc pro tunc*, to make clear that Macey is entitled to seek costs as a prevailing party.[1] In the event Geraci objects to any of the costs, Macey respectfully requests an opportunity to respond to the objections.

Macey respectfully submits that the taxing of costs is appropriate in this case. Under Federal Rule of Civil Procedure 54(d), the "presumption is that the prevailing party will recover costs." *Finchum v. Ford Motor Co.*, 57 F.3d 526, 533 (7th Cir. 1995). The Seventh Circuit has "recognized only two situations in which the denial of costs might be warranted: the first involves misconduct of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent." *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003).

The recoverable costs are outlined in 28 U.S.C. § 1920(4). *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 301 (2006), and include:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

---

[1] Local Rule 54.1(a), authorizes the Court "on motion filed within the time provided for the filing of the bill of costs, [to] extend the time for filing the bill."

>   (5) Docket fees under section 1923 of this title;
>
>   (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. "Assuming a given expense is an allowable cost item, the district court's determination that the cost was reasonably necessary to the conduct of the litigation and that the amount of the cost is reasonable will not be upset unless there is a clear abuse of discretion." *State of Ill. v. Sangamo Const. Co.*, 657 F.2d 855, 864 (7th Cir. 1981).

WHEREFORE, for the reasons set forth herein, Defendant Thomas Macey respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 54 and Local Rule 54.1, to: (1) clarify or amend its judgment order, *nunc pro tunc*, to make clear that Macey, as the prevailing party, is entitled to costs; and (2) grant any other such relief as this Court deems just and necessary.

Date: January 16, 2018                    Respectfully submitted,

                                                         s/Timothy D. Elliott_____
                                                         Timothy D. Elliott
                                                         Emily A. Shupe
                                                         Rathje & Woodward, LLC
                                                         300 E. Roosevelt Road, Suite 300
                                                         Wheaton, Illinois 60187
                                                         Tel: (630) 668-8500

                                                         *Attorneys for Thomas Macey*

4

## **CERTIFICATE OF SERVICE**

      I, Timothy D. Elliott, an attorney, hereby certify that on January 16, 2018, I served a true and correct copy of the foregoing and all other documents referenced therein upon all counsel of record by electronic transmission via CM/ECF.

                                                  s/ Timothy D. Elliott
                                                  Timothy D. Elliott